IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| YOLANDA MARTINEZ, §<br>    Plaintiff, §<br>§<br>Vs. §<br>§<br>CAMPBELL-TAGGART BAKING §<br>COMPANIES, INC. d/b/a §<br>RAINBO BAKING CO. OF §<br>CORPUS CHRISTI § | C.A. No. C-95-439 |

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

On this date came on to be considered a Motion to Strike by Defendant Campbell Taggart Baking Companies, Inc. d/b/a Rainbo Baking Co. of Corpus Christi ("Rainbo Baking") against Plaintiff Yolanda Martinez ("Martinez").

On February 29, 1996, Plaintiff filed a third amended complaint. On March 14, 1996, Defendant filed a Motion to Strike various claims asserted in this complaint pursuant to Fed.R.Civ.P. 12(f).

Rule 12(f) allows the Court to strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed.R.Civ.P. 12(f). In general, courts disfavor and infrequently grant motions to strike. Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729 (1983); Resolution Trust Corp v. Sands, 863 F.Supp. 365, 368 (N.D. Tex. 1994).

In the instant case, Defendant requests that the Court strike Plaintiff's negligence claims and newly raised claims for race discrimination, wrongful termination of health benefits, and

breach of an oral contract from her third amended complaint. A motion to strike under Rule 12(f), however, is "neither an authorized nor a proper way to procure dismissal of all or part of a complaint." 5A Wright & Miller, Federal Practice & Procedure § 1380 (2d ed. 1990); see, also, Day v. Moscow, 955 F.2d 807, 811 (2d Cir.), cert. denied, 506 U.S. 821, 113 S.Ct. 71 (1992). A motion to strike is inappropriate, where as here, the specific allegation in the complaint constitutes neither an insufficient defense nor a redundant, immaterial, impertinent or scandalous allegation. Colodny v. Iverson, Yoakum, Papiano & Hatch, 838 F.Supp. 572, 575 (M.D. Fla. 1993); Drewett v. Aetna Casualty & Surety Co., 405 F.Supp. 877, 878 (W.D. La. 1975). The Court finds that Defendant's Motion to Strike is inappropriate, and consequently, DENIES this motion.

Further, Defendant asserts that the Court should strike Plaintiff's negligence and newly raised claims in her third amended complaint since she did not seek leave of court as required by Fed.R.Civ.P. 15(a). However, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires.'" Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). "Rule 15(a) evinces a bias in favor of granting leave to amend." Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc., 690 F.2d 1157, 1163 (5th Cir. 1982), cert. denied, 464 U.S. 814, 104 S.Ct. 69 (1983). In light of the liberal amendment policy of Rule 15(a) and the general desirability of minimizing needless formalities, some courts hold that an untimely amended

2

pleading served without judicial permission may be considered when it does not appear that any of the parties will be prejudiced by allowing the changes. 6 Wright, Miller, & Kane, Federal Practice & Procedure § 1484 (2d ed. 1990) (citations omitted); see, also, Hicks v. Resolution Trust Corp., 767 F.Supp. 167, 170 (N.D. Ill. 1991), aff'd, 970 F.2d 378 (7th Cir. 1992); Straub v. Desa Indus., Inc., 88 F.R.D. 6, 9 (M.D. Pa. 1980). Here, the Court finds that Defendant is not prejudiced by the amendments. In addition, the Court finds that Plaintiff's failure to formally seek leave to amend is not fatal to her complaint as the grant or denial of an opportunity to amend is within the Court's discretion. Foman, 371 U.S. at 182, 83 S.Ct. at 230; Hicks, 767 F.Supp. at 170. Therefore, Defendant's Motion to Strike is accordingly DENIED.

For the foregoing reasons, the Court hereby ORDERS that Defendant's Motion to Strike is DENIED.

SIGNED and ENTERED on this the 4th day of April.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

3